Slip Op. 03-36

## UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE:  GREGORY W. CARMAN, CHIEF JUDGE

|  |  |
|---|---|
| TONY BHULLAR, <br><br> *Pro Se* Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, and UNITED STATES INTERNATIONAL TRADE COMMISSION, <br><br> Defendants. | Court No. 02-00668 |

[Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction are granted.  Plaintiff's Motion to File a Sur-Reply is denied.  This case is dismissed.]

Dated: March 26, 2003

*Tony Bhullar, pro se.*

*Robert D. McCallum, Jr.*, Assistant Attorney General; *David M. Cohen,* Director, *Lucius B. Lau*, Assistant Director, *Michael D. Panzera*, Attorney, U.S. Department of Justice, Civil Division, Commercial Litigations Branch; *Michele D. Lynch*, *D. Michael Stroud, Jr.*, Attorneys, Of Counsel, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, for United States of America.

*Lyn M. Schlitt*, General Counsel; *James M. Lyons*, Deputy General Counsel; *Robin L. Turner*, Attorney-Advisor; *Mary Jane Alves*, Attorney-Advisor, for United States International Trade Commission.

## OPINION

CARMAN, CHIEF JUDGE: Pursuant to United States Court of International Trade Rule 12(b)(1), the defendants, the United States of America and the United States International Trade Commission, move to dismiss this action for lack of subject matter jurisdiction. Defendants contend that the Court does not have subject matter jurisdiction to hear this case. Plaintiff opposes Defendants' motions, asserting that this Court has subject matter jurisdiction under 28 U.S.C. § 1581(c) or alternatively, under § 1581(i). The Court has jurisdiction to resolve this question under 28 U.S.C. § 1581(c). For the following reasons, Defendants' Motions to Dismiss are granted. Plaintiff's Motion for Leave to File a Sur-Reply is denied. This case is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff is a shareholder in the Canadian forest products company, Doman Industries, Ltd. (Pl.'s Compl. at 1.) Plaintiff alleges that he has suffered material injury by reason of a decrease in Doman Industries Ltd.'s stock value resulting from antidumping and countervailing duty determinations issued by the United States Department of Commerce ("Commerce") and the United States International Trade Commission ("ITC") concerning certain softwood lumber from Canada. (*Id*. at 3.)

In April 2001, the ITC and Commerce received petitions seeking initiation of antidumping and countervailing duty investigations regarding imports of softwood lumber from Canada. *Softwood Lumber From Canada,* 66 Fed. Reg. 18,508 (Apr. 9, 2001) (ITC); *Notice of Initiation of Antidumping Duty Investigation: Certain Softwood Lumber Products From Canada*,

66 Fed. Reg. 21,328 (Apr. 30, 2001) (Commerce); *Notice of Initiation of Countervailing Duty*

*Investigation: Certain Softwood Lumber Products from Canada*, 66 Fed. Reg. 21,332 (Apr. 30,

2001) (Commerce).

One year later, Commerce published its final affirmative determination of sales at less

than fair value. *Notice of Final Determination of Sales at Less Than Fair Value: Certain*

*Softwood Lumber Products from Canada*, 67 Fed. Reg. 15,539 (Apr. 2, 2002). Pursuant to

Article 1904 of the North American Free Trade Agreement ("NAFTA"), the Government of

Canada and various Canadian lumber industry associations filed a Request for Panel Review of

Commerce's affirmative antidumping determination with the United States Section of the

NAFTA Secretariat. *North American Free-Trade Agreement, Article 1904 NAFTA Panel*

*Reviews; Request for Panel Review*, 67 Fed. Reg. 17,357 (April 10, 2002); *see also Certain*

*Softwood Lumber from Canada*, Secretariat File No. USA-CDA-2002-1904-02 (Active).

On April 2, 2002, Commerce published its final affirmative countervailing duty

determination, in which it "calculated a single country-wide subsidy rate to be applied to all

producers and exporters of the subject merchandise from Canada." *Notice of Final Affirmative*

*Countervailing Duty Determination and Final Negative Critical Circumstances Determination:*

*Certain Softwood Lumber Products From Canada*, 67 Fed. Reg. 15,545, 15,547 (Apr. 2, 2002).

On the same day, the Government of Canada, various Canadian provincial governments, and

various Canadian lumber industry associations filed requests for NAFTA Panel Review of

Commerce's countervailing duty determination. *North American Free-Trade Agreement, Article*

*1904 NAFTA Panel Reviews; Request for Panel Review*, 67 Fed. Reg. 17,358 (Apr. 10, 2002);

*see also Certain Softwood Lumber from Canada*, Secretariat File No. USA-CDA-2002-1904-03

(Active).

On May 22, 2002, the ITC published its final affirmative threat of injury determination in *Softwood Lumber From Canada*, 67 Fed. Reg. 36,022 (May 22, 2002). That same day, various Canadian lumber industry associations filed a request for NAFTA Panel Review of the ITC's threat of injury determination. *North American Free-Trade Agreement, Article 1904 NAFTA Panel Reviews; Request for Panel Review*, 67 Fed. Reg. 41,955 (June 20, 2002); see also *Certain Softwood Lumber from Canada*, Secretariat File No. USA-CDA-2002-1904-07 (Active).

Also on May 22, 2002, Commerce published an amended final determination of sales at less than fair value, revising the final weighted average dumping margins, and issued an antidumping duty order. *Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Softwood Lumber Products From Canada*, 67 Fed. Reg. 36,068 (May 22, 2002). On the same day, Commerce published a notice of amended final affirmative countervailing duty determinations revising the final countervailing duty rate to 18.79% ad valorum. *Notice of Amended Final Affirmative Countervailing Duty Determination and Notice of Countervailing Duty Order: Certain Softwood Lumber Products From Canada*, 67 Fed. Reg. 36,070, 36,076 (May 22, 2002).

On October 25, 2002, Plaintiff filed this action against Commerce and the ITC seeking injunctive relief and unspecified monetary and punitive damages. (Pl.'s Compl. at 3.)

### STANDARD OF REVIEW

The burden of establishing jurisdiction lies with the party seeking to invoke this Court's jurisdiction. *Old Republic Ins. Co. v. United States*, 741 F. Supp. 1570, 1573 (Ct. Int'l Trade

1990) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In this action, the burden of establishing jurisdiction falls to Tony Bhullar, the plaintiff appearing *pro se*.

It is well settled that the United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Such a waiver of sovereign immunity "must be unequivocally expressed" in the statute and will be "strictly construed . . . in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). For the purposes of antidumping and countervailing duty laws, the government's express waiver of sovereign immunity is contained in 28 U.S.C. § 1581 (2002).

### PARTIES' CONTENTIONS

A. *Defendants' Contentions*

Although Defendants have filed separate motions to dismiss and supporting memoranda, because their contentions are substantially similar, they will be considered together for the purposes of this Opinion. Defendants contend that this Court does not have subject matter jurisdiction over this action for the following reasons: 1) under 19 U.S.C § 1516a(g), a NAFTA binational panel has exclusive review of the challenged determinations; 2) residual jurisdiction under § 1581(i) cannot be asserted under these circumstances; 3) even if jurisdiction under §§ 1581(c) or (i) could be established, Plaintiff failed to fulfil the statutory timeliness requirements; and 4) Plaintiff lacks standing to bring this action. (Mem. of Law in Supp. of Def. U.S. Int'l Trade Comm'n's Mot. to Dismiss This Action ("ITC Br.") at 4, 7; Def. United States' Mem. in Supp. of Its Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Commerce Br.") at 7, 9-10, 11, 13.)

**1.  A NAFTA binational panel has exclusive review of these determinations.**

Defendants contend that under 19 U.S.C. § 1516a(g), this Court does not have jurisdiction to review antidumping and countervailing duty determinations involving imports from Canada when a NAFTA binational panel review of those determinations has been requested pursuant to Chapter 19, Article 1904 of the NAFTA.  (ITC Br. at 7 n.16; Commerce Br. at 7-9.) Defendants cite 19 U.S.C. § 1516a(g)(2) which states:

> Exclusive review of determination by binational panels–
> If binational panel review of a determination is requested pursuant to article 1904 of the NAFTA . . . then, except as provided in paragraphs (3) and (4)-
> (A) the determination is not reviewable under subsection (a) of this section, and
> (B) no court of the United States has power or jurisdiction to review that determination on any question of law or fact by an action in the nature of a mandamus or otherwise.

(ITC Br. at 7 n.16; Commerce Br. at 7 (citing 19 U.S.C. § 1516a(g)).)  Defendants contend that the Government of Canada and various Canadian lumber industry associations have requested binational panel review of the challenged determinations.  (ITC Br. at 7 n.16; Commerce Br. at 8 (referencing *North American Free-Trade Agreement, Article 1904 NAFTA Panel Reviews; Request for Panel Review*, 67 Fed. Reg. 17,357 (April 10, 2002); *Certain Softwood Lumber from Canada*, Secretariat File No. USA-CDA-2002-1904-02 (Active); *North American Free-Trade Agreement, Article 1904 NAFTA Panel Reviews; Request for Panel Review*, 67 Fed. Reg. 17,358 (Apr. 10, 2002); *Certain Softwood Lumber from Canada*, Secretariat File No. USA-CDA-2002-1904-03 (Active).  Defendants contend that the binational panel review is still pending.  (ITC Br. at 7 n.16; Commerce Br. at 8.)

Defendants admit that there are several exceptions to exclusive review by a binational

panel under § 1516a(g)(3)(A), but Defendants assert that none of the exceptions apply to this case. (ITC Br. at 7 n.16; Commerce Br. at 7-9.) Specifically, Defendants contend that: 1) the relevant country, Canada, has requested review pursuant to Chapter 19, Article 1904 of the NAFTA; 2) there has been no prior judicial review resulting in a determination; 3) the binational panel has not decided that the determinations were not reviewable; 4) the binational panel review has not yet terminated; 5) there has not been an extraordinary challenge committee review; and 6) there are no constitutional issues raised in Plaintiff's complaint. (Commerce Br. at 8-9 (citing 19 U.S.C. § 1516a(g)(3)(A)(i)-(vi); 19 U.S.C. § 1516a(g)(4).) Defendants contend that in the absence of any exception to the exclusive binational panel review, the Court should dismiss Plaintiff's action for lack of jurisdiction. (ITC Br. at 7 n.16; Commerce Br. at 9.)

Defendants also cite to *Mitsubishi Electronic Indus. Canada, Inc. v. Brown*, in which this Court held that it lacked jurisdiction pursuant to 28 U.S.C. § 1581(c) where no exception to the exclusive review by a binational panel applied. (ITC Br. at 7 n.16; Commerce Br. at 9 (citing *Mitsubishi*, 917 F. Supp. 836, 838 (Ct. Int'l Trade 1996)).) In that case, the Court also refused to issue a stay in the proceedings, explaining that "the statute grants exclusive jurisdiction to the binational panel once a binational panel review is 'requested.'" *Mitsubishi*, 917 F. Supp. at 838. Analogously, Defendants contend that the fact that the binational panel has not yet reached a decision is not enough to give this Court jurisdiction. (Commerce Br. at 9 (citing *Mitsubishi*, 917 F. Supp. at 838).)

Additionally, Defendants assert that because the determinations at issue in this action involve merchandise from a NAFTA country, a special requirement applies regarding notice of an intent to challenge the determinations. (ITC Br. at 4-6; Commerce Br. at 13-14.) Defendants

assert that a party seeking review of such determinations must provide timely notice of its intent to commence review in this Court to Canada's and the United States' NAFTA Secretariat sections, all interested parties who were parties to the proceeding in connection with which the matter arises, and to the ITC and Commerce. (ITC Br. at 5-6; Commerce Br. at 13-14 (citing 19 U.S.C. § 1516a(g)(3)(B)(i)-(iii)).) The notification of a party's intent to commence review must be delivered no later than 20 days after the final determinations are published in the Federal Register. (ITC Br. at 4-6; Commerce Br. at 13-14 (citing 19 U.S.C. 1516a(g)(3)(B)).) In this case, the challenged determinations were published on May 22, 2002. *See Softwood Lumber From Canada*, 67 Fed. Reg. 36,022 (May 22, 2002); *Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Softwood Lumber Products From Canada*, 67 Fed. Reg. 36,068 (May 22, 2002); *Notice of Amended Final Affirmative Countervailing Duty Determination and Notice of Countervailing Duty Order: Certain Softwood Lumber Products From Canada*, 67 Fed. Reg. 36,070 (May 22, 2002). Defendants contend that Plaintiff should have delivered notice by June 11, 2002. (ITC Br. at 6; Commerce Br. at 14.)

According to Defendants, Plaintiff failed to notify the required NAFTA Secretariat sections and the interested parties involved in the NAFTA binational panel. (ITC Br. at 5-6; Commerce Br. at 14.) Additionally, Defendants contend that by filing this action on October 25, 2002, Plaintiff acted too late in notifying the ITC and Commerce of his intent to sue. (ITC Br. at 6; Commerce Br. at 14.)

**2. Plaintiff cannot invoke subject matter jurisdiction under § 1581(i).**

Defendants contend that the Court does not possess subject matter jurisdiction pursuant to 28 U.S.C. § 1581(i). (ITC Br. at 7-10; Commerce Br. at 9-10.) Defendants contend that

jurisdiction under § 1581(i) cannot be invoked in cases when jurisdiction pursuant to another subsection of § 1581 is or could have been available, unless the remedy provided for under that subsection is "manifestly inadequate." (ITC Br. at 9; Commerce Br. at 10 (citing *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987) cert. denied, 484 U.S. 1041 (1988); *see also Lowa, Ltd. v. United States*, 561 F. Supp. 441, 446-447 (Ct. Int'l Trade 1983), *aff'd* 724 F.2d 121 (Fed. Cir. 1984)).) Defendants cite § 1581(i) which provides: "This subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable . . . by a binational panel under [A]rticle 1904 of the [NAFTA]." (ITC Br. at 8 (citing 28 U.S.C. § 1581(i)).)

Defendants argue that jurisdiction under § 1581(i) cannot be invoked because there was an appropriate alternative basis for jurisdiction under § 1581 and the remedy provided by NAFTA binational panel review is not manifestly inadequate. (ITC Br. at 9-10; Commerce Br. at 10.) Defendants contend that this Court would have had jurisdiction to hear this case under § 1581(c) if one of the exceptions to exclusive binational panel review were met, and therefore, Plaintiff cannot claim jurisdiction under § 1581(i). (ITC Br. at 9; Def. United States' Reply to Pl.'s Resp. in Opp'n to Its Mot. To Dismiss for Lack of Subject Matter Jurisdiction ("Commerce Reply Br.") at 6.) Defendants contend that a legal remedy is "not made inadequate simply because appellant failed to invoke it with the time frame it prescribes." (ITC Br. at 9 (citing *Omni U.S.A. Inc., v. United States*, 840 F.2d 912, 915 (Fed. Cir. 1999)).) In support of their contention that the current NAFTA binational panel review is not inadequate, Defendants point to the fact that Doman Industries, Ltd., the company in which Plaintiff owns stock, was represented by counsel, who have access to proprietary information, during the underlying

administrative proceedings and during the continuing NAFTA Article 1904 binational panel review of the determinations at issue. (ITC at 9; Commerce Reply Br. at 7.) Defendants contend that because Plaintiff has failed to allege or demonstrate that NAFTA binational panel review is manifestly inadequate, this Court lacks jurisdiction to review this action under 28 U.S.C. § 1581(i). (ITC Br. at 10; Commerce Br. at 10.)

**3. Plaintiff failed to meet the statutory timeliness requirements.**

Defendants contend that Plaintiff failed to fulfill the required timeliness provisions and therefore, this action cannot be heard. (ITC Br. at 6 n.15; Commerce Br. at 13.) Defendants assert that in cases involving merchandise from a NAFTA country, the time limit to commence an action is 31 days after notice of the antidumping or countervailing duty determination is published in the Federal Register. (*Id*. (citing 19 U.S.C. § 1516a(a)(5)(A)).) Commerce issued the final amended antidumping and countervailing orders on May 22, 2002. *See Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Softwood Lumber Products From Canada*, 67 Fed. Reg. 36,068 (May 22, 2002); *Notice of Amended Final Affirmative Countervailing Duty Determination and Notice of Countervailing Duty Order: Certain Softwood Lumber Products From Canada*, 67 Fed. Reg. 36,070 (May 22, 2002). Similarly, the ITC's final affirmative threat was published in the Federal Register on May 22, 2002. *See Softwood Lumber From Canada*, 67 Fed. Reg. 36,022 (May 22, 2002). Defendants contend that Plaintiff's summons and complaint, filed on October 25, 2002, more than 4 months after the 31-day deadline imposed under the statute had passed, were too late. (ITC Br. at 6 n.15; Commerce Br. at 13.) Therefore, Defendants conclude, this Court lacks jurisdiction to hear this action under 19 U.S.C. § 1581. (*Id*.)

**4. Plaintiff lacks standing to bring this action.**

Defendants contend that even if Plaintiff had commenced its suit in a timely manner,
Plaintiff still lacks standing to bring this claim. (ITC Br. at 4 n.10; Commerce Br. at 11-13.)
Defendants contend that in order to have standing, Plaintiff must be an "interested party who was
party to the proceeding." (*Id*. (quoting 19 U.S.C. § 1516a(d)).) Defendants contend that as a
shareholder Plaintiff does not fall into any of the categories of "interested party" as defined in 19
U.S.C. § 1677(9). (ITC Br. at 4 n.10; Commerce Br. at 11.) Further, the Defendants assert that
this Court has held that shareholders of corporations do not have standing to contest
determinations that harm the corporation in which they hold stock. (Commerce Br. at 11-12.)
Defendants contend that the statute defining "interested party" is unambiguous. (Def. U.S. Int'l
Trade Comm'n's Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss This Action ("ITC Reply Br.")
at 4-5 n.11; Commerce Reply Br. at 9.) Defendants contend that "[t]he statute does not include
"shareholder" in the list of various entities that may qualify as an interested party and the Court's
decisions on this issue consistently reflect that exclusion. (Commerce Reply Br. at 9 (citing 19
U.S.C. § 1677(9)).) Accordingly, Defendants contend that Plaintiff lacks standing to bring this
action even if Plaintiff had fulfilled the statutory timeliness requirements. (ITC Reply Br. at 4-5
n.11; Commerce Br. at 13.)

B. *Plaintiff's Contentions*

Plaintiff contends that the duties imposed by Defendants' determinations have caused
"distinct and palpable injury" to Plaintiff wherein the Plaintiff's stock value in Doman Industries,
Ltd., has decreased. (Pl.'s Compl. at 2.) Plaintiff seeks monetary and punitive damages, a

preliminary and permanent injunction enjoining Defendants from imposing the tariffs against

Canada, or, alternatively, a temporary restraining order against the Defendants, costs of this

action, and other just relief. (*Id*. at 5.) In its Complaint, Plaintiff alleges that this Court has

jurisdiction "pursuant to 28 U.S.C. § 1581(c) and/or alternatively 28 U.S.C. § 1581(i)," he also

cites 19 U.S.C. § 1516a, "in addition to the inherent jurisdiction" of the Court. (*Id*. at 2.)

**1. The Court has subject matter jurisdiction to hear this case.**

Plaintiff contends that the United States waived sovereign immunity when it entered into

the NAFTA. (Pl.'s Resp. to Mot. of Defs. ("Pl.'s Br.") at 3.) Plaintiff contends that the NAFTA

should be accorded the same status that is given to the United States Constitution. (*Id*.) Plaintiff

contends that if the NAFTA is accorded that status, sovereign immunity would be inapplicable to

this case. (*Id*.) Plaintiff contends that a strict application of the requirements under § 1581

would be "elevat[ing] a simple statute to that of the supreme law of the land over a treaty." (*Id*.

at 4.)

Additionally, Plaintiff contends that the Court has power to hear his case under the

Court's "inherent jurisdiction." (*Id*. at 4-5.) Plaintiff quotes Black's Law Dictionary: "The

inherent power of a court is that which is necessary for the proper and complete administration of

justice and such power is resident in all courts of superior jurisdiction and essential to their

existence." (*Id*. at 4 (citing BLACK LAW DICTIONARY 782 (6th ed. 1990)).) Plaintiff argues that

"the equitable powers of the [Court] over-ride any strict rules and should grant the Plaintiff a fair

opportunity to make his case . . . in keeping with the rules of equity." (Pl.'s Br. at 4-5.) Plaintiff

contends that the jurisdiction of the Court is broader than the confines of 28 U.S.C. § 1581.

(Pl.'s Br. at 7.) Further, Plaintiff argues that the NAFTA was adopted "later in time and

therefore trumps the Tariff Act [of 1930]." (*Id*. at 8.)

Plaintiff contends that if the Court did not have jurisdiction to hear this case it would lead to an "'absurdity' in law if by the fact that Canada, the U.S. and Mexico contracted to NAFTA which is designed to enhance trade, but were then barred from resorting to [this Court] while other nations would have access to such forum to deal with antidumping and countervailing rulings." (*Id*.)

**2. Defendants' timeliness arguments are mere technicalities and cannot be the basis for dismissal.**

Plaintiff contends that the timeliness arguments raised in Defendants' briefs are "mere technical arguments" and should not be the basis for dismissal of Plaintiff's case. (*Id*.) Additionally, Plaintiff asserts that the Defendants are required to prove "some sort of prejudice" before the Court can consider the technical arguments regarding timeliness. (*Id*.)

**3. Plaintiff has standing to bring this action.**

In support of Plaintiff's standing, Plaintiff cites to a statement by Congressman Peter W. Rodino, Jr. regarding the creation of this Court: "[P]ersons adversely affected or aggrieved by agency actions arising out of import transactions are entitled to the same access to judicial remedies as Congress had made available for persons aggrieved by actions of other agencies." (Pl.'s Br. at 5.) Plaintiff contends that the emphasis in Congressman Rodino's quote is upon the word "person" and because Plaintiff is a natural person, Plaintiff has standing to bring this suit. (*Id*. at 5.) Plaintiff cites the Vienna Convention on the Law of Treaties as an example of a treaty that confers the right to bring an action against a state upon a private citizen. (*Id*. at 6.) Plaintiff urges this Court to consider the customary law of the European Union, which, Plaintiff contends,

provides for civil suits to be brought directly by individuals before the courts of the signatory nations to challenge alleged breaches of trade provisions of European Community law. (*Id*. at 6-7.) Plaintiff concludes that this Court has subject matter jurisdiction to hear this case and therefore, Defendants' motions should not be granted. (*Id*. at 9.)

ANALYSIS

The issue before this Court is whether the Court has jurisdiction over this matter. For purposes of antidumping and countervailing duty laws, the United States' explicit waiver of sovereign immunity is contained in 28 U.S.C. § 1581. As such, the requirements under 28 U.S.C. § 1581 must be "strictly interpreted." *See Sherwood*, 312 U.S. at 590. For the reasons outlined below, this Court does not possess subject matter jurisdiction over Plaintiff's case and therefore, Defendants' motions to dismiss are granted.

**1. This Court does not possess subject matter jurisdiction under 28 U.S.C. § 1581(c).**

Plaintiff contends that this Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1581(c). (Pl.'s Compl. at 2.) Defendants contend that the Court does not have jurisdiction to review antidumping and countervailing duty determinations involving imports from Canada when a NAFTA binational panel review of those determinations has been requested. (ITC Br. at 7 n.16; Commerce Br. at 7-9.) This Court does not possess subject matter jurisdiction over this case pursuant to § 1581(c) because a NAFTA binational panel has exclusive review of the challenged determinations.

Under § 1581(c), this Court has "exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930." 28 U.S.C. § 1581(c) (2002). Section 516A of the

Tariff Act of 1930 is codified at 19 U.S.C. § 1516a.  Under § 1516a, if the action challenges

antidumping or countervailing duty determinations involving merchandise from a NAFTA

country, the Court's jurisdiction is limited by subsection (g)(2).  *See* 19 U.S.C. § 1516a(g)(2).

Pursuant to § 1516a(g)(2), if a binational panel is requested, the determinations are not

reviewable by this Court.

> Exclusive review of determination by binational panels.  If binational panel
> review of a determination is requested pursuant to article 1904 of the NAFTA . . .
> then, except as provided in paragraphs (3) and (4)-
>
> (A) the determination is not reviewable under subsection (a) of this section, and
>
> (B) no court of the United States has power or jurisdiction to review that
> determination on any question of law or fact by an action in the nature of a
> mandamus or otherwise.

19 U.S.C. § 1516a(g)(2)(A)-(B).

There are limited exceptions to exclusive review of binational panels.  The exceptions are

enumerated under 19 U.S.C. § 1516a(g)(3)(A).[1]

---

[1]Exception to the exclusive binational panel review.  (A) In general.  A determination is
reviewable under subsection (a) if the determination sought to be reviewed is–
  (i) a determination as to which neither the United States nor the relevant FTA country
  requested review by a binational panel pursuant to article 1904 of the NAFTA . . . ,
  (ii) a revised determination issued as a direct result of judicial review, commenced
  pursuant to subsection (a) of this section, if neither the United States nor the relevant FTA
  country requested review of the original determination,
  (iii) a determination issued as a direct result of judicial review that was commenced
  pursuant to subsection (a) of this section prior to the entry into force of the NAFTA . . . ,
  (iv) a determination which a binational panel has determined is not reviewable by the
  binational panel,
  (v) a determination as to which binational panel review has terminated pursuant to
  paragraph 12 of article 1905 of the NAFTA, or
  (vi) a determination as to which extraordinary challenge committee review has terminated
  pursuant to paragraph 12 of article 1905 of the NAFTA.
Additionally, § 1516a(g)(4) provides for an exception to exclusive binational panel review for
actions involving constitutional issues.  19 U.S.C. § 1516a(g)(4).

The final antidumping and countervailing determinations that Plaintiff seeks to challenge are currently under review by a NAFTA binational panel. In April 2002, the Government of Canada and various Canadian lumber industry associations filed a Request for Panel Review of Commerce's affirmative antidumping determination with the United States Section of the NAFTA Secretariat pursuant to Article 1904 of the NAFTA. *North American Free-Trade Agreement, Article 1904 NAFTA Panel Reviews; Request for Panel Review*, 67 Fed. Reg. 17,357 (April 10, 2002); *see also Certain Softwood Lumber from Canada*, Secretariat File No. USA-CDA-2002-1904-02 (Active). During that same month, the Government of Canada, various Canadian provincial governments, and various Canadian lumber industry associations filed requests for NAFTA Panel Review of Commerce's countervailing duty determination. *North American Free-Trade Agreement, Article 1904 NAFTA Panel Reviews; Request for Panel Review*, 67 Fed. Reg. 17,358 (Apr. 10, 2002); *see also Certain Softwood Lumber from Canada*, Secretariat File No. USA-CDA-2002-1904-03 (Active). In May 2002, various Canadian lumber industry associations filed a request for NAFTA Panel Review of the ITC's threat of injury determination. *North American Free-Trade Agreement, Article 1904 NAFTA Panel Reviews; Request for Panel Review*, 67 Fed. Reg. 41,955 (June 20, 2002); see also *Certain Softwood Lumber from Canada*, Secretariat File No. USA-CDA-2002-1904-07 (Active).

Under § 1516a(g)(2), the binational panel has exclusive review unless a statutory exception applies. Plaintiff's action does not qualify under any of the exceptions to exclusive binational panel review. The exception under § 1516a(g)(3)(A)(i) does not apply; binational panel reviews have been requested under Article 1904 of the NAFTA. Additionally, there has

been no prior judicial review resulting in a determination; the binational panel review has not decided that the determination was not reviewable; the binational panel review has not yet terminated; there has not been an extraordinary challenge committee review; and there are no constitutional issues raised in Plaintiff's complaint. *See* 19 U.S.C. §§ 1516a(g)(ii)-(vi), § 1516a(g)(4). Without an applicable exception, Plaintiff's action must be dismissed for want of subject matter jurisdiction under 28 U.S.C. § 1581.

Assuming, *arguendo*, that an exception to binational panel review applied, Plaintiff failed to provide the required statutory notice; therefore, Plaintiff's action must be dismissed for lack of subject matter jurisdiction. Under § 1516a(g)(3)(B), Plaintiff must deliver notice of its intent to seek review of such determinations within 20 days after publication of the final determination in the Federal Register, in this case, within 20 days of May 22, 2002, or by June 11, 2002. Plaintiff is required to deliver such notice to "(i) the United States Secretary and the relevant FTA Secretary; (ii) all interested parties who were parties to the proceeding in connection with which the matter arises; and (iii) the [ITC and Commerce]." 19 U.S.C. § 1516a(g)(3)(B).

There is no indication in the record or in Plaintiff's submissions that Plaintiff notified the relevant United States or Canadian sections of the NAFTA Secretariat or all interested parties who were parties to the proceeding. Plaintiff's summons and complaint were filed on October 25, 2002, more than five months after publication of the final determinations in the Federal Register. Therefore, Plaintiff's notification of the ITC and of Commerce was untimely. Because Plaintiff failed to notify all of the required parties under § 1516a(g)(3)(B) and failed to notify the ITC and Commerce in a timely manner, Plaintiff's action must be dismissed for lack of subject matter jurisdiction.

**2.  This Court does not possess subject matter jurisdiction under 28 U.S.C. § 1581(i).**

Alternatively, Plaintiff seeks to invoke the jurisdiction of this Court under § 1581(i). (Pl.'s Compl. at 2.)  However, the grant of jurisdiction in § 1581(i) explicitly states that "[t]his subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable either by the Court of International Trade under [any other subsection of § 1581] or by a binational panel under [A]rticle 1904 of the [NAFTA]."  28 U.S.C. § 1581(i).  This Court finds that the antidumping and countervailing duty determinations that Plaintiff challenges would have been otherwise reviewable under § 1581(c) and currently are being reviewed by a NAFTA binational panel.  The Court is unable to consider Plaintiff's equity argument.  In suits against the United States, "jurisdictional statutory requirements cannot be waived or subjected to excuse or remedy based equitable principles."  *Mitsubishi Elecs. Am., Inc. v. United States*, 865 F. Supp. 877, 880 (Ct. Int'l Trade 1994) (citing *NEC Corp. v. United States*, 806 F.2d 247, 249 (Fed. Cir. 1986)).  Therefore, this Court lacks jurisdiction over Plaintiff's action under 28 U.S.C. § 1581(i).

This Court and the Court of Appeals for the Federal Circuit have held that a plaintiff may resort to jurisdiction under § 1581(i) only if the plaintiff's remedies under 28 U.S.C. § 1581(a)-(h) are manifestly inadequate.  *See Miller & Co.*, 824 F.2d at 963; *see also Lowa, Ltd*, 561 F. Supp. at 446-47 (Ct. Int'l Trade 1983) ("[T]his court has subject matter jurisdiction under section 1581(i) of a cause of action . . . only when the relief available under section 1581(a) is manifestly inadequate or when necessary, because of special circumstances, to avoid extraordinary and unjustified delays caused by the exhaustion of administrative remedies."); *Am. Air Parcel Forwarding Co., Ltd. v. United States*, 718 F.2d 1546, 1549-51 (Fed. Cir. 1983) (holding that the

court did not possess jurisdiction under §1581(i) where the importers could have taken steps to qualify under §§ 1581(a) or (h), and remedies under those subsections would not have been inadequate), *cert. denied*, 466 U.S. 937 (1984); *U.S. Cane Sugar Refiners' Ass'n v. Block*, 69 C.C.P.A. 172, 683 F.2d 399, 402 (CCPA 1982) ("The delay inherent in proceeding under § 1581(a) makes relief under that provision manifestly inadequate and, accordingly, the court has jurisdiction in this case under § 1581(i).").

As discussed above, Plaintiff would have had a remedy under § 1581(c) had its action qualified for one of the enumerated exceptions to binational panel review and Plaintiff had made timely notification to the required parties. Plaintiff has not alleged, nor do the facts indicate, that any remedy available under § 1581(c) would be inadequate. Additionally, as established above, a NAFTA binational panel has been requested to review the challenged determinations. Under § 1581(i), unless the binational panel dismisses the current review for lack of jurisdiction, this Court does not have jurisdiction under § 1581(i). *See* 28 U.S.C. § 1581(i); 19 U.S.C. § 1516a(g)(3)(A)(i).

**3. Plaintiff failed to timely file this action under 19 U.S.C. § 1516a(a)(5).**

The determinations challenged by Plaintiff involve merchandise from Canada, a NAFTA country. (Pl.'s Compl. at 1.) Under § 1516a, such determinations have special timeliness requirements. *See* 19 U.S.C. § 1516a(a)(5). Pursuant to § 1516a(a)(5)(A), Plaintiff is required to file its summons and complaint within 31 days after the publication in the Federal Register of the final determinations of which Plaintiff seeks review. 19 U.S.C. § 1516a(a)(5)(A). Here, the final determinations that Plaintiff challenges were published in the Federal Register on May 22,

2002.  *See Softwood Lumber From Canada*, 67 Fed. Reg. 36,022 (May 22, 2002); *Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Softwood Lumber Products From Canada*, 67 Fed. Reg. 36,068 (May 22, 2002); *Notice of Amended Final Affirmative Countervailing Duty Determination and Notice of Countervailing Duty Order: Certain Softwood Lumber Products From Canada*, 67 Fed. Reg. 36,070 (May 22, 2002).  Plaintiff's summons and complaint were filed on October 25, 2002, more than 4 months after the 31-day deadline imposed under the statute had passed.  Under § 1516a(a)(5)(A), Plaintiff's filing was untimely and thus, this Court does not have jurisdiction to hear Plaintiff's claim.

Plaintiff's contention that the timeliness requirements under § 1516a are mere technicalities and that a showing of prejudice is necessary to dismiss this case are without merit. As the Federal Circuit has held, § 1516 "specifies the terms and conditions upon which the United States has waived its sovereign immunity in consenting to be sued in the Court of International Trade . . . [and] those limitations must be strictly observed and are not subject to implied exceptions." *Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1312 (Fed. Cir. 1986).  Therefore, "[i]f a litigant fails to comply with the terms upon which the United States has consented to be sued, the court has no jurisdiction to entertain the suit." *Id*. (citations omitted). Here, Plaintiff failed to comply with the timeliness requirements under the statute.  Therefore, this Court has no jurisdiction to entertain Plaintiff's suit.

## 4. Plaintiff lacks standing to bring this action.

Defendants contend that even if Plaintiff had commenced an appeal of the ITC's or

Commerce's determinations on a timely basis, Plaintiff still lacks standing to bring such a claim

because, as a shareholder, Plaintiff does not fall into any of the categories of "interested party"

listed in 19 U.S.C. § 1677(9). (ITC Br. at 4 n.10; Commerce Br. at 11.) Plaintiff contends that

this Court should follow the example set by other nations and allow Plaintiff, as an individual, to

bring suit in this Court. (Pl.'s Br. at 5-7.)

Title 19 U.S.C. § 1516a(d) states that "[a]ny interested part who was a party to the

proceeding" shall have standing to bring an action seeking review of an antidumping or

countervailing duty determination before this Court. 19 U.S.C. § 1516a(d). The term "interested

party" is defined under 19 U.S.C. § 1677(9). Subsection 1677(9) states:

> "The term 'interested party' means–
>     (A) a foreign manufacturer, producer, or exporter, or the United States
> importer, of subject merchandise or a trade or business association a majority of
> the members of which are producers, exporters, or importers of such merchandise,
>     (B) the government of a country in which such merchandise is produced or
> manufactured or from which such merchandise is exported,
>     (C) a manufacturer, producer, or wholesaler in the United States of a
> domestic like product,
>     (D) a certified union or recognized union or group of workers which is
> representative of an industry engaged in the manufacture, production, or
> wholesale in the United States of a domestic like product,
>     (E) a trade or business association a majority of whose members
> manufacture, produce, or wholesale a domestic like product in the United States,
>     (F) an association, a majority of whose members is composed of interested
> parties described in subparagraph (C), (D), or (E) with respect to a domestic like
> product, and
>     (G) in any investigation under this subtitle involving an industry engaged
> in producing a processed agricultural product . . . ."

19 U.S.C. § 1677(9).

This Court has held that shareholders of corporations do not have standing to contest

determinations that harm the corporation in which they hold stock. *McKinney v. U.S. Dep't of Treasury*, 614 F. Supp. 1226, 1236 (Ct. Int'l Trade 1985), *aff'd* 799 F.2d 1544 (Fed. Cir. 1986) (citing *Vincel v. White Motor Corp.*, 521 F. 2d 1113, 1118 (2d Cir. 1975) ("[Where] an injury is suffered by a corporation and the shareholders suffer solely through depreciation in the value of their stock, only the corporation itself, its receiver, if one has been appointed, or a stockholder suing derivatively in the name of the corporation may maintain an action against the wrong doer.").

As Defendants contend, the statute defining "interested party," 19 U.S.C. § 1677(9), is unambiguous. The statute does not include "shareholder" in the list of various entities that may qualify as an interested party and the Court's decisions on this issue reflect that exclusion. *See* 19 U.S.C. § 1677(9). Therefore, even if Plaintiff's case were to meet the other statutory requirements discussed above, Plaintiff lacks standing to bring this suit and therefore, this Court is without jurisdiction.

## CONCLUSION

For the reasons discussed above, the United States' and the International Trade Commission's Motions to Dismiss are granted. Plaintiff's motion for leave to file a Sur-Reply is denied. This case is dismissed.

 

_____
Gregory W. Carman
Chief Judge

Dated: March       ,2003
      New York, New York