**Slip Op. 07-144**

# UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| **NUCOR CORPORATION**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES**, <br><br> Defendant. |

**Before: Timothy C. Stanceu, Judge**

**Court No. 07-00174**

## <u>OPINION</u>

[Denying the motions to intervene of right of Stelco Inc., Dofasco Inc., Sorevco Inc., Do Sol Galva Ltd., Mittal Steel USA Inc., and United States Steel Corporation, denying plaintiff's motion for a preliminary injunction, and granting the motion of defendant to dismiss this action for lack of subject matter jurisdiction]

Dated: September 26, 2007

*Wiley Rein LLP* (*Timothy C. Brightbill* and *Alan H. Price*) for plaintiff Nucor Corporation.

*Vinson & Elkins LLP* (*Christopher Dunn* and *David T. Hardin*) for proposed plaintiff-intervenor Stelco Inc.

*Hunton & Williams LLP* (*William Silverman*, *Douglas J. Heffner*, and *Richard P. Ferrin*) for proposed plaintiff-intervenors Dofasco Inc., Sorevco Inc., and Do Sol Galva Ltd.

*Stewart and Stewart* (*Terence P. Stewart* and *Eric P. Salonen*) for proposed plaintiff-intervenor Mittal Steel USA Inc.

*Skadden, Arps, Slate, Meagher and Flom LLP* (*Robert E. Lighthizer*, *John J. Mangan*, and *Jeffrey D. Gerrish*) for proposed plaintiff-intervenor United States Steel Corporation.

*Peter D. Keisler*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Richard P. Schroeder* and *David S. Silverbrand*); Mark B. Lehnardt, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

Stanceu, Judge:  Plaintiff Nucor Corporation ("Nucor"), a domestic producer of steel products, initiated this action under 19 U.S.C. § 1516a (2000) to contest a final determination ("Final Results") issued by the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") in an administrative review of an antidumping duty order on certain corrosion-resistant carbon steel flat products from Canada.  *See Certain Corrosion-Resistant Carbon Steel Flat Products from Canada: Final Results of Antidumping Duty Administrative Review*, 72 Fed. Reg. 12,758 (Mar. 19, 2007).

Before the court are motions to intervene as a matter of right on behalf of Stelco Inc. ("Stelco"), Dofasco Inc. ("Dofasco"), Sorevco Inc. ("Sorevco"), Do Sol Galva Ltd. ("Do Sol Galva"), Mittal Steel USA Inc. ("Mittal Steel USA"), and United States Steel Corporation ("U.S. Steel") (collectively "proposed plaintiff-intervenors").  Plaintiff Nucor moves for a preliminary injunction to prevent liquidation by Customs of the entries of certain corrosion-resistant carbon steel flat products ("subject merchandise") from Canada manufactured by producers Stelco, Dofasco, Sorevco, and Do Sol Galva.  Defendant United States moves to dismiss this action pursuant to USCIT Rule 12(b)(1) for lack of jurisdiction, alleging that Nucor did not participate as a party in the administrative review that concluded in the issuance of the Final Results and therefore lacks standing.

Because Nucor did not participate in the Department's proceeding culminating in the Final Results to the extent necessary to qualify as a party to that proceeding, the court concludes that Nucor lacked standing to bring a cause of action under 19 U.S.C. § 1516a.  Accordingly, the court must deny Nucor's motion for a preliminary injunction.  Because intervention could not cure the defect in subject matter jurisdiction caused by Nucor's failure to establish standing to

bring its claim, the court also must deny the motions to intervene and grant the motion to dismiss this action.

## I. BACKGROUND

Nucor filed a summons on May 21, 2007, a complaint on June 20, 2007, and an amended complaint on June 29, 2007. In the amended complaint, Nucor challenges as contrary to law the Department's rejection of the requests of certain parties for rescission of the administrative review and the resulting continuation of that administrative review. Am. Compl. ¶ 6. Nucor seeks a ruling holding the Final Results to be unsupported by substantial record evidence and otherwise not in accordance with law and an order remanding the Final Results to Commerce for redetermination. *Id.* at 3, REQ. FOR J. AND RELIEF ¶¶ 1-2.

On July 19 and 20, 2007, the six proposed plaintiff-intervenors moved for intervention as a matter of right, all on the side of plaintiff Nucor. *See* 28 U.S.C. § 2631(j)(1)(B) (2000); USCIT R. 24(a). In its motion, Stelco states that it is a Canadian producer and exporter of the subject merchandise and that it fully participated in the administrative review. Mot. to Intervene As A Matter of Right on the Side of Pl. 2 ("Stelco's Mot. to Intervene"). In a joint motion filed July 20, 2007, Dofasco, Sorevco, and Do Sol Galva state that they are Canadian producers of subject merchandise and that they participated as respondents in the administrative review.[1] Partial Consent Mot. to Intervene as of Right as Pl.-Intervenor ¶ 2 ("Dofasco, Sorevco, Do Sol Galva Mot. to Intervene"). In its motion filed the same day, U.S. Steel states that it is a producer

---

[1] Dofasco, Sorevco, and Do Sol Galva are plaintiffs in *Dofasco Inc. v. United States*, Court No. 07-00135, in which is pleaded the same claim that Nucor attempts to assert in this action.

of the domestic like product and that it participated in the administrative review.[2]  Mot. to Intervene as of Right as Pl.-Intervenor ¶ 2 ("U.S. Steel Mot. to Intervene").  In its motion, also filed July 20, 2007, Mittal Steel USA states that it is a domestic producer of corrosion-resistant steel flat products and that it participated in the administrative review.  Partial Consent Mot. of Applicant Pl.-Intervenor Mittal Steel USA Inc. to Intervene as of Right 2 ("Mittal Steel USA Mot. to Intervene").  Defendant United States did not consent to any of the motions to intervene.  According to the motions of certain proposed plaintiff-intervenors, defendant refused to consent on the ground that Nucor is not a proper party plaintiff and the court therefore lacks jurisdiction over plaintiff's claim.  *See* Stelco's Mot. to Intervene 1; Dofasco, Sorevco, Do Sol Galva Mot. to Intervene ¶ 5; U.S. Steel Mot. to Intervene ¶ 5.  On September 7, 2007, defendant submitted, with a motion for leave to file out of time, a response in opposition to the intervention of Mittal Steel USA, alleging that Mittal Steel USA was not a party to the proceeding below and therefore does not qualify for intervention as a matter of right.  Def.'s Resp. to Mittal Steel USA's Mot. to Intervene; *see* Mittal Steel USA Mot. to Intervene.

On July 20, 2007, Nucor moved for a preliminary injunction "to enjoin the liquidation of any and all entries of certain corrosion-resistant carbon steel flat products from Canada manufactured by Dofasco Inc., Sorevco Inc., Do Sol Galva Ltd., and Stelco Inc."  Mot. for Prelim. Inj. 1.  Nucor stated in support of its motion that it had obtained the consent of Stelco,

---

[2] On May 29, 2007, U.S. Steel was granted status as a plaintiff-intervenor and as a defendant-intervenor in *Dofasco Inc. v. United States*, Court No. 07-00135.

Dofasco, Sorevco, Do Sol Galva, and U.S. Steel to the entry of a preliminary injunction.[3] *Id.* at 2. On August 3, 2007, defendant, alleging that Nucor lacks standing, moved to dismiss this action for lack of subject matter jurisdiction and opposed plaintiff's motion for a preliminary injunction. Def.'s Mot. to Dismiss and Opp'n to Pl.'s Mot. for a Prelim. Inj. 1 ("Def.'s Mot. to Dismiss").

## II. DISCUSSION

### A. Nucor Has Not Established Standing to Contest the Final Results

To contest the Final Results, Nucor must satisfy the requirements of 19 U.S.C. § 1516a(a), on which it relies for its cause of action, and 28 U.S.C. 2631(c), which governs standing in suits brought before the Court of International Trade. *See* Am. Compl. ¶¶ 1, 3. Under 19 U.S.C. § 1516a(a)(2)(A), an action may be commenced by "an interested party who is a party to the proceeding in connection with which the matter arises . . . ." 19 U.S.C. § 1516a(a)(2)(A). In parallel, 28 U.S.C. 2631(c) provides that "[a] civil action contesting a determination listed in [19 U.S.C. § 1516a] may be commenced in the Court of International Trade by any interested party who was a party to the proceeding in connection with which the matter arose." 28 U.S.C. 2631(c).

Nucor alleges in its amended complaint (and defendant does not contest) that Nucor is a manufacturer of the domestic like product and therefore is an "interested party" within the meaning of 19 U.S.C. § 1516a(f)(3) and § 1677(9)(C) (2000). Am. Compl. ¶ 3; *see* 19 U.S.C. § 1516a(f)(3) (defining "interested party" by reference to 19 U.S.C. § 1677(9)); 19 U.S.C.

_____

[3] Nucor stated in its motion for a preliminary injunction that it had obtained the consent of all proposed plaintiff-intervenors but does not state that it obtained the consent of Mittal Steel USA. Mot. for Prelim. Inj. 2.

§ 1677(9)(C) (defining "interested party" to include "a manufacturer, producer, or wholesaler in the United States of a domestic like product"). Nucor further alleges that it participated in the administrative review "through actions including entering a notice of appearance, regularly monitoring the status of the proceeding, and reviewing all of the documents that were submitted or issued in the underlying proceeding." Am. Compl. ¶ 3. In further support of its claim of standing, Nucor states that "Plaintiff also participated in discussions (including telephone conferences) with other parties regarding various issues including case strategy, case settlement, and the parties' decisions to withdraw their requests for administrative review, which Plaintiff supported." *Id.* In its opposition to the motion to dismiss, Nucor makes the additional argument that Commerce implicitly recognized its status as a party to the proceeding by making available to Nucor's representatives the business proprietary information of other parties and the Department's preliminary calculations. Pl.'s Resp. to Def.'s Mot. to Dismiss 4-5. Based on the various factual allegations in its amended complaint, Nucor seeks to invoke the court's subject matter jurisdiction under 28 U.S.C. § 1581(c) (2000), under which the Court of International Trade is granted exclusive jurisdiction of any civil action commenced under 19 U.S.C. § 1516a. *See* 28 U.S.C. 1581(c).

Nucor has failed to allege facts from which the court could consider Nucor to qualify as a "party to the proceeding" in connection with which the matter arose. 19 U.S.C. § 1516a(a)(2); 28 U.S.C. § 2631(c). The court concludes that Nucor's claimed level of participation does not satisfy any reasonable construction of the "party to the proceeding" requirement that Congress imposed as a condition for obtaining judicial review.

Although the term "party to the proceeding" is not defined by statute, the Department's regulations define the term as "any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding." 19 C.F.R. § 351.102(b) (2006). Nucor acknowledges that it presented no written factual material or written argument to the Department by admitting that "it did not make written submissions as required under 19 C.F.R. § 351.102." Pl.'s Resp. to Def.'s Mot. to Dismiss 5. However, because the court must determine whether the subject matter jurisdiction provided by 28 U.S.C. § 1581(c) attached to Nucor's claim, Nucor's acknowledgment that it did not satisfy the "written submission" requirement of 19 C.F.R. § 351.102 does not fully resolve the standing issue presented by this case.

Nucor's argument for standing does not address the question of whether the definition of "party to the proceeding" in the Department's regulations, which requires active participation through at least one written submission setting forth factual information or argument, could be controlling if applied to resolve a fundamental question of the extent of the court's jurisdiction. Nor does Nucor, although citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984), address the question of whether 19 C.F.R. § 351.102 is a reasonable construction of the statutory term that is entitled to the court's deference when applied in this jurisdictional context. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss 4; *Chevron*, 467 U.S. at 843-44; *Pesquera Mares Australes Ltda. v. United States*, 266 F.3d 1372, 1382 (Fed. Cir. 2001). However, the court perceives no need to reach these questions in this case because the actions Nucor alleges it took during the administrative review are insufficient to establish that

Nucor was a party to the administrative review proceeding under any reasonable construction of the term "party to the proceeding" as used in 19 U.S.C. § 1516a(a)(2)(A) and 28 U.S.C. § 2631(c).

From Nucor's pleadings and submissions, the court must conclude that Nucor's entire correspondence with Commerce was limited to what it terms a "notice of appearance" and an application to receive information under an administrative protective order ("APO"). Filing of each of these documents does not itself constitute meaningful participation in the Department's proceeding; such filings are merely procedural steps that communicate nothing of substance on any matter to be addressed in the administrative review.[4]

Nucor's allegations that it engaged in certain other activities, *i.e.*, that it monitored the status of the proceeding and participated in case strategy sessions and settlement negotiations with other parties to the review, do not remedy the deficiency in Nucor's claim of standing. As important as those activities may have been to Nucor at the time, they were distinct from actual participation in the proceeding that Commerce was conducting.

---

[4] Nucor does not indicate in its pleading what it stated in its notice of appearance or under what regulatory provision it filed this notice. The court observes that 19 C.F.R. § 351.103(c) allows interested parties to request to be included on the service list for a segment of a proceeding. *See* 19 C.F.R. § 351.103(c).

The statutory scheme indicates that Congress intended to require, as a condition for obtaining judicial review, some level of participation before the agency beyond the steps identified by Nucor.[5] The statutory scheme limits the scope of judicial review of the Department's determinations to the agency record. *See* 19 U.S.C. § 1516a(b); 28 U.S.C. § 2640(b) (2000). Because Nucor's filings were limited to its notice of appearance and a request for access to business proprietary information, the record in the administrative review would not have been materially different had Nucor ignored the proceeding entirely. Additionally, the statutory scheme provides that the court, in reviewing the agency's decision on the record, shall require a party contesting a determination to exhaust administrative remedies where appropriate. *See* 28 U.S.C. § 2637(d). Thus, in the normal instance, with only narrow exceptions, a party challenging any aspect of a final Commerce determination first must have presented its arguments to Commerce for decision during the administrative proceeding.

Congress specified that the party seeking standing to challenge a determination must have been "a party to the proceeding" and not, for example, merely an "interested party," as defined in 19 U.S.C. § 1677(9). Procedural steps such as a notice of appearance and an application to receive business proprietary information under an APO are more in the nature of preparation for participation than participation itself. Were the court to treat them as sufficient to confer

---

[5] Defendant cites certain legislative history of the Trade Agreements Act of 1979, which generally equates party status with participation in the administrative proceeding. Def.'s Mot. to Dismiss 4 (citing S. Rep. No. 96-249, at 249-51 (1979), *reprinted in* 1979 U.S.C.C.A.N. 381, 635-37). However, the parties have not directed the court to pertinent legislative history for guidance on the question of whether Congress, in requiring a plaintiff to have been a party to the administrative proceeding, intended a lower threshold of participation than that required by 19 C.F.R. § 351.102(b). The court's own research has not uncovered any such legislative history.

standing, it would so weaken the "party to the proceeding" requirement as to render it practically meaningless.

The court does not find merit in Nucor's argument that Commerce implicitly acknowledged Nucor's party status in granting Nucor's representatives access to business proprietary information and disclosing preliminary calculations.  In support of this argument, Nucor points to 19 U.S.C. § 1677f(c)(1)(A) (2000), under which Commerce must "make all business proprietary information presented to, or obtained by it, during a proceeding . . . available to interested parties who are parties to the proceeding under a protective order . . . ."  *See* Pl.'s Resp. to Def.'s Mot. to Dismiss 4.  Nucor points to 19 C.F.R. § 351.224(b) (2006), under which regulation Commerce is to "disclose to a party to the proceeding calculations performed, if any, in connection with a preliminary determination . . . ."  *See id.*  The plain language of 19 U.S.C. § 1677f(c)(1)(A) does not preclude Commerce from releasing business proprietary information to a person's qualified representatives under an APO prior to the person's doing all that is required to obtain status as a party to the proceeding.  A person's representatives, upon proper application, may qualify to obtain proprietary information under an APO prior to the person's making written submissions of fact or argument.  Indeed, it would seem impracticable for Commerce to delay the release of proprietary information until *after* submission of such written fact or argument, which may rely on such information.  In this regard, the Department's regulations contain separate definitions for the term "party to the proceeding" and the term "authorized applicant."  *See* 19 C.F.R. § 351.102(b) (defining an "authorized applicant" as "an applicant that the Secretary has authorized to receive business proprietary information under an APO under [19 U.S.C. § 1677f(c)(1)].").  For similar reasons, the court is not persuaded by Nucor's argument that

Commerce implicitly recognized Nucor's status as a party to the proceeding by disclosing to Nucor its preliminary calculations. Neither the statute, in 19 U.S.C. § 1677f(c)(1), nor the Department's regulations, in 19 C.F.R. § 351.224(b), both of which pertain to the Department's disclosure of preliminary calculations, preclude the release of preliminary calculations to a person who has not yet qualified for status as a party to the proceeding.

In support of its claim of standing, Nucor cites the unpublished opinion of the Court of Appeals for the Federal Circuit in *Laclede Steel Co. v. United States*, No. 96-1029, 1996 U.S. App. LEXIS 16167 (Fed. Cir. 1996), *aff'g* 19 CIT 1076 (1995). Pl.'s Resp. to Def.'s Mot. to Dismiss 2-3. Nucor also cites the opinions of the Court of International Trade in *Specialty Merchandise Corp. v. United States*, 31 CIT __, __, 477 F. Supp. 2d. 1359, 1361-62 (2007), *Encon Industries, Inc. v. United States*, 18 CIT 867 (1994), and *American Grape Growers v. United States*, 9 CIT 103, 105-06, 604 F. Supp. 1245, 1249 (1985). Pl.'s Resp. to Def.'s Mot. to Dismiss 2. Each of these cases is distinguishable from the instant case.

In *Laclede Steel Co.*, the Court of Appeals for the Federal Circuit affirmed the Court of International Trade's allowing the intervention as a matter of right under 28 U.S.C. § 2631(j)(1)(B) of two Korean steel pipe manufacturers, Union Steel Manufacturing Company, Limited ("Union") and Dongbu Steel Company, Limited ("Dongbu"), in a judicial review of a final Commerce antidumping determination on steel pipe. 1996 U.S. App. LEXIS 16167 at *1, *4. The plaintiff, a petitioner in the investigation, argued on appeal that Union and Dongbu, whose participation in the antidumping investigation consisted of filing entries of appearance before Commerce and submitting factual data on exports during the period of investigation to assist Commerce in the selection of mandatory respondents, never actively

participated in the antidumping investigation and therefore did not qualify as "parties to the proceeding" for purposes of intervention. *See id.* at *1-*3. The Court of Appeals for the Federal Circuit disagreed, reasoning that Union and Dongbu each actively participated in the antidumping investigation so as to qualify as a "party to the proceeding" within the meaning of 28 U.S.C. § 2631(j)(1)(B). *Id.* at *4-*6. The Court of Appeals reasoned that in submitting the factual data on exports, Union and Dongbu "corresponded with Commerce requesting exclusion as mandatory respondents, thereby impliedly indicating their willingness to accept an 'all others' rate." *Id.* at *6. This active participation, according to the Court of Appeals, made Commerce aware of Union's and Dongbu's interests in the investigation and constituted steps that Union and Dongbu deemed necessary to further their interests at the administrative level. *Id.* In contrast, Nucor provided Commerce nothing to inform Commerce of any facts or positions relevant to issues in the administrative review.

In *Specialty Merchandise Corp.*, the Court of International Trade recently held that a plaintiff obtained standing to contest a final determination of Commerce by filing a notice of appearance with comments, albeit untimely, informing Commerce that the plaintiff was joining arguments made by other parties in the administrative proceeding. 31 CIT at __, 477 F. Supp. 2d. at 1361-62. Here, Nucor's pleadings do not allege that Nucor informed Commerce, either orally or in writing, that Nucor was joining in the advocacy of any argument that any party had made or was making in the administrative review. Nucor argues, nevertheless, that its "active and consistent collaboration with other parties to the administrative review, including its visible participation in the settlement negotiations, demonstrate that Nucor provided notice of its concerns." Pl.'s Resp. to Def.'s Mot. to Dismiss 5. This argument fails to overcome the problem

inherent in Nucor's allegation of standing, which is that Nucor fails to plead facts from which the court could conclude that Nucor communicated with the Department, orally or in writing, on anything of substance during the administrative review.

*Encon Industries, Inc.* also is unavailing as support for plaintiff's standing argument. *See Encon Industries, Inc.*, 18 CIT 867. In that case, the Court of International Trade declined to assert jurisdiction over the plaintiff's challenge to an amended final less-than-fair-value determination of Commerce because the plaintiff failed to exhaust its administrative remedies. *Id.* at 867-68. The plaintiff, during the investigation, had not challenged the methodology Commerce used in calculating an "all others" rate. *Id.* at 868. Ruling on exhaustion grounds, the Court of International Trade did not reach the issue of whether Encon, which had filed a notice of appearance in the Commerce investigation but did not submit factual information or make oral or written comments, had standing to file suit under 19 U.S.C. § 1516a and 28 U.S.C. §2631(c). *Id.* In *dicta*, however, the Court of International Trade stated that "[t]he court is inclined to view the participation requirement as intending meaningful participation, that is, action which would put Commerce on notice of a party's concerns." *Id*. (citing *Am. Grape Growers*, 9 CIT at 105-06, 604 F. Supp. at 1249).

Nucor quotes language from the opinion *American Grape Growers*. Pl.'s Resp. to Def.'s Mot. to Dismiss 2. In that case, the Court of International Trade stated that

> [o]n the question of participation in the proceeding, the law is satisfied by any form of notification or participation which reasonably conveys the separate status of a party. The participation requirement is obviously intended only to bar action by someone who did not take the opportunity to further its interests on the administrative level.

9 CIT at 105-06, 604 F. Supp. at 1249.  At issue in *American Grape Growers* was whether Gibson Wine Co. ("Gibson") had standing before the Court of International Trade to contest a final injury determination that the U.S. International Trade Commission ("ITC") issued in antidumping and countervailing duty investigations of imported table wine from France and Italy. 9 CIT at 103, 105-06, 604 F. Supp. at 1247, 1249.  The question of Gibson's standing arose in the context of whether Gibson did anything more than participate in the ITC's administrative proceeding through passive membership in an umbrella organization.  *Id.*  The Court in *American Grape Growers* concluded that Gibson met the required standards for participation, noting that "[t]he listing of Gibson as a co-petitioner in a post-conference brief is sufficient to satisfy these standards."  9 CIT at 106, 604 F. Supp. at 1249.  Because Gibson's level of participation in the ITC proceeding was not closely analogous to Nucor's claimed participation in the administrative review, *American Grape Growers* does not lend guidance to the resolution of the standing question presented by defendant's motion to dismiss.

In summary, Nucor has failed to allege facts from which the court may conclude that Nucor was a party to the administrative proceeding culminating in the issuance of the Final Results.  Nucor, therefore, lacks the standing Congress required of any person seeking judicial review under 19 U.S.C. § 1516a.

<u>B.  The Motions for Intervention of Right Must Be Denied</u>

The proposed plaintiff-intervenors timely moved to intervene as a matter of right pursuant to 28 U.S.C. § 2631(j)(1)(B) and USCIT Rule 24(a).  *See* USCIT R. 24(a) (providing that a motion is timely if made no later than thirty days after the date of service of the complaint); Stelco's Mot. to Intervene 1, 3; Dofasco, Sorevco, Do Sol Galva Mot. to Intervene ¶¶ 2, 4;

U.S. Steel Mot. to Intervene ¶¶ 2, 4; Mittal Steel USA Mot. to Intervene 1-2.  The issue presented by the motions to intervene is whether this case may be continued by the proposed plaintiff-intervenors even though Nucor lacked standing to maintain its cause of action.  The court concludes that dismissal is required here by application of the fundamental principle that intervention cannot cure a jurisdictional defect in the original suit.  *See United States ex rel. Tex. Portland Cement Co. v. McCord*, 233 U.S. 157, 163-64 (1914); *Simmons v. Interstate Commerce Comm'n*, 716 F.2d 40 (D.C. Cir. 1983).

In *Simmons*, the Court of Appeals for the District of Columbia Circuit, upon considering an issue similar to that presented by this case, dismissed for lack of subject matter jurisdiction a cause of action in a judicial proceeding brought under the Hobbs Act, 28 U.S.C. § 2344. 716 F.2d at 41.  Plaintiff Simmons initiated the action to obtain review of an order issued by the Interstate Commerce Commission ("ICC") that reduced various regulatory reporting requirements applicable to motor carriers.  *Id.* at 41-42.  The Court concluded that plaintiff Simmons, who filed his petition for direct review of the ICC order in the Court of Appeals during the sixty-day filing period set forth in the Hobbs Act, lacked standing as a petitioner because he was not a party to the ICC's rulemaking proceeding that was preliminary to the issuance of the contested order.  *Id.*  Even though the Court of Appeals earlier had granted the unopposed intervention motion under 28 U.S.C. § 2348 of The International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, the Court concluded that the intervenor could not maintain the suit in the absence of the plaintiff Simmons.  *Id.* at 42, 46.  The Court explained that because the intervenor failed to file its own petition or move for intervention

during the sixty-day period for initiating a cause of action under the Hobbs Act, it lacked its own independent basis of jurisdiction. *Id.* at 46.

The Court distinguished its holding from that of the Court of Appeals for the Third Circuit in *United States Steel Corp. v. EPA*, 614 F.2d 843, 845 (3d. Cir. 1979), in which an intervenor was permitted to continue a suit after the party who originally provided valid subject matter jurisdiction left the case. *See Simmons*, 716 F.2d at 46. It also distinguished its holding from Courts of Appeals cases in which the intervenor itself provided subject matter jurisdiction. *See id.* (citing *Atkins v. State Bd. of Educ. of N.C.*, 418 F.2d 874, 876 (4th Cir. 1969), *Fuller v. Volk*, 351 F.2d 323, 328 (3d. Cir. 1965), *Magdoff v. Saphin Television & Appliance, Inc.*, 228 F.2d 214, 215 (5th Cir. 1955), and *Hunt Tool Co. v. Moore, Inc.*, 212 F.2d 685, 688 (5th Cir. 1954)).

Nucor filed its summons on May 21, 2007, the last day on which such a filing was timely within the thirty-day period in which a party could have sought judicial review of the Final Results in the Court of International Trade under 19 U.S.C. § 1516a(a)(5). *See* 19 U.S.C. § 1516a(a)(2), (5). The motions to intervene, although timely under USCIT Rule 24, were filed after the time period in which an original plaintiff could have invoked the court's jurisdiction under 28 U.S.C. § 1581(c) to review the Final Results. Because the only party that attempted to invoke the subject matter jurisdiction of the court during that thirty-day period lacked standing to maintain a cause of action, that jurisdiction never attached to Nucor's claim. *See Simmons*, 716 F.2d at 46. The right to intervene presupposes an action duly brought according to the terms of the statute under which the original plaintiff brought its case. *See United States ex rel. Tex.*

*Portland Cement Co.*, 233 U.S. at 163 (stating that "[t]hese rights to intervene and to file a claim, conferred by the statute, presuppose an action duly brought under its terms.").[6]

### C.  The Motion for an Injunction Against Liquidation Must Be Denied

Nucor moves under 19 U.S.C. § 1516a(c)(2) for a preliminary injunction against liquidation of entries of subject merchandise produced by Stelco, Dofasco, Sorevco, and Do Sol Galva.  Mot. for Prelim. Inj. 2 (stating that "Plaintiff moves to enjoin liquidation as a matter of right pursuant to 19 U.S.C. § 1516a(c)(2).").  The court may order an injunction against liquidation "[i]n the case of a determination described in [19 U.S.C. § 1516a(a)(2)]" only "upon a request by an interested party for such relief and a proper showing that the requested relief should be granted under the circumstances."  19 U.S.C. § 1516a(c)(2).  The determination contested in this case, the Final Results in an administrative review issued under 19 U.S.C. §1675 (2000), is within the scope of § 1516a(a)(2) and Nucor, as a domestic producer of the like product, is an "interested party" at least for purposes of 19 U.S.C. § 1677(9)(C).  Nucor, however, is unable to satisfy the other requirement of § 1516a(c)(2), which is "a proper showing that the requested relief should be granted under the circumstances."  *Id.*

---

[6] In arguing that Nucor's lack of standing requires the court to dismiss this action for lack of jurisdiction, defendant cites *Bhullar v. United States*, 27 CIT 532, 546, 259 F. Supp. 2d 1332, 1344 (2003), *aff'd*, 93 Fed. Appx. 218 (Fed. Cir. 2004).  Def.'s Mot. to Dismiss 5-6.  Although supporting the general principle that a plaintiff's lack of standing is a jurisdictional defect, *Bhullar* did not involve an issue directly analogous to that presented by the motions to intervene. In *Bhullar*, the plaintiff, a stockholder in a Canadian forest products company, sought review under § 1581(c) or, alternatively, under § 1581(i), of antidumping and countervailing duty determinations on imports of Canadian softwood lumber, claiming that the assessment of duties pursuant to the determinations caused a decrease in the value of plaintiff's stock.  *See* 27 CIT 532, 259 F. Supp. 2d 1332.  The Court of International Trade held, *inter alia*, that plaintiff lacked standing because plaintiff "shareholder" was not an "interested party" under 19 U.S.C. §§ 1516a(d) and 1677(9).  27 CIT at 546, 259 F. Supp. 2d at 1343-44.

The controlling circumstance is that subject matter jurisdiction did not attach to Nucor's cause of action and, for the reasons discussed previously, the court must dismiss this case despite the motions to intervene. Nucor argues that the court should grant Nucor's motion to enjoin liquidation because it has satisfied the four requirements for a preliminary injunction, *i.e.*, that Nucor will be immediately and irreparably injured, that there is a likelihood of success on the merits, that the public interest would be better served by the relief requested, and that the balance of hardship on all the parties favors movant Nucor. Mot. for Prelim. Inj. 2-3 (citing *U.S. Ass'n of Imps. of Textiles & Apparel v. United States*, 413 F.3d 1344, 1346 (Fed. Cir. 2005) and *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983)). The court is unable to agree with this argument. Because jurisdiction did not attach to Nucor's cause of action, the court may not order equitable relief that is sought to preserve the status quo by preventing liquidation of the affected entries.

### III. CONCLUSION

The court concludes that subject matter jurisdiction does not exist over this action and that defendant's motion to dismiss therefore must be granted. The court will deny the motions to intervene, deny the motion of plaintiff for a preliminary injunction, grant the motion of defendant to dismiss for lack of subject matter jurisdiction, and enter judgment dismissing this action.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: September 26, 2007
       New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| **NUCOR CORPORATION**, |
| Plaintiff, |
| v. |
| **UNITED STATES**, |
| Defendant. |

**Before: Timothy C. Stanceu, Judge**

**Court No. 07-00174**

## <u>JUDGMENT</u>

In conformity with the Opinion issued in this case on this day, and in consideration of all

papers and proceedings herein, it is hereby

**ORDERED** that defendant's motion to dismiss this action for lack of subject matter jurisdiction, filed on August 8, 2007, is GRANTED, and it is further

**ORDERED** that this action be, and hereby is, dismissed.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: September 26, 2007
New York, New York

## ERRATUM

*Nucor Corporation v. United States*, Court No. 07-00174, Slip Op. 07-144 (Sept. 26, 2007).

On page one, in the last paragraph, please add the name "Stephen C. Tosini" so that the last paragraph reads:

> *Peter D. Keisler*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Richard P. Schroeder*, *David S. Silverbrand*, and *Stephen C. Tosini*); Mark B. Lehnardt, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

October 2, 2007