Slip Op. 07-149

**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| **DOFASCO INC., SOREVCO INC., and DO SOL GALVA LTD.**, <br><br> Plaintiffs, <br><br> and <br><br> **UNITED STATES STEEL CORPORATION**, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> **UNITED STATES**, <br><br> Defendant, <br><br> and <br><br> **UNITED STATES STEEL CORPORATION**, <br><br> Defendant-Intervenor. | **Before: Timothy C. Stanceu, Judge** <br><br> **Court No. 07-00135** |

**OPINION AND ORDER**

[Denying for lack of standing Nucor Corporation's motions to intervene in an action contesting the final results of an administrative review of an antidumping duty order]

Dated: October 12, 2007

*Hunton & Williams LLP* (*William Silverman*, *Douglas J. Heffner*, and *Richard P. Ferrin*) for plaintiffs Dofasco Inc., Sorevco Inc., and Do Sol Galva Ltd.

*Skadden, Arps, Slate, Meagher and Flom LLP* (*Robert E. Lighthizer*, *John J. Mangan*, and *Jeffrey D. Gerrish*) for plaintiff-intervenor and defendant-intervenor United States Steel Corporation.

Wiley Rein LLP (*Timothy C. Brightbill* and *Alan H. Price*) for proposed plaintiff-intervenor and proposed defendant-intervenor Nucor Corporation.

*Peter D. Keisler*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Michael D. Panzera*, *David S. Silverbrand*, and *Stephen C. Tosini*); *Mark B. Lehnardt*, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

Stanceu, Judge: Dofasco Inc., Sorevco Inc., and Do Sol Galva Ltd. ("plaintiffs") initiated this action under 19 U.S.C. § 1516a (2000) to contest a final determination ("Final Results") issued by the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") in an administrative review of an antidumping duty order on imports of certain corrosion-resistant carbon steel flat products from Canada ("subject merchandise"). Compl. ¶¶ 1-2; *see Certain Corrosion-Resistant Carbon Steel Flat Products from Canada: Final Results of Antidumping Duty Administrative Review*, 72 Fed. Reg. 12,758 (Mar. 19, 2007). Nucor Corporation ("Nucor"), a domestic producer of steel products, filed a motion seeking permissive intervention and an amended motion for intervention as a matter of right. For the reasons stated in this opinion, the court concludes that Nucor did not participate in the Department's administrative review proceeding culminating in the Final Results to the extent necessary to qualify as a party to that proceeding. Accordingly, the court will deny Nucor's motions.

## I. BACKGROUND

On April 24, 2007, Plaintiffs commenced this action under 19 U.S.C. § 1516a, asserting two claims. They claim that Commerce unlawfully continued and completed the administrative review after the parties that had requested the administrative review had withdrawn their

requests. Compl. ¶¶ 10-14. Plaintiffs also challenge the value that Commerce assigned to a production input, iron ore fluxed pellets, that Dofasco purchased and used in producing the subject merchandise in Canada. *Id.* ¶¶ 15-19. Plaintiffs invoked subject matter jurisdiction under 28 U.S.C. § 1581(c) (2000). *Id.* ¶ 2.

On May 29, 2007, Nucor moved for permissive intervention according to 28 U.S.C. § 2631(j) and USCIT R. 24(b). Mot. to Intervene as Pl.-Intervenor and as Def. Intervenor 2 ("Mot. to Intervene"). Nucor sought to intervene on the side of plaintiffs on the claim that the administrative review was unlawfully continued and on the side of defendant United States on the claim that the Department's valuation of the iron ore fluxed pellets was contrary to law. *See id.*; Compl. ¶¶ 10-19. Arguing that it has standing according to 19 U.S.C. § 1516a(d) (2000), Nucor alleged in its motion that it "entered an appearance in the Department's proceeding" and that it is a domestic manufacturer of corrosion-resistant carbon steel flat products that could be adversely affected or aggrieved by the court's decision in this case. Mot. to Intervene 1-2.

In its June 11, 2007 response to Nucor's motion, defendant opposed Nucor's intervention, arguing that Nucor was not a party to the Department's administrative review proceeding that preceded the issuance of the Final Results and therefore lacked standing to intervene. Def.'s Resp. to Nucor's Mot. to Intervene 1-2 ("Resp. to Mot."). While acknowledging that "Nucor submitted a notice of appearance," defendant asserted that "Nucor did not participate in the underlying administrative proceeding by making a written submission containing factual information or argument." *Id.* at 1, 3.

On August 15, 2007, Nucor moved to amend its original motion and submitted an amended motion in which Nucor sought intervention as a matter of right instead of permissive

intervention. *Compare* Am. Mot. to Intervene as a Matter of Right 1 ("Am. Mot. to Intervene")

*with* Mot. to Intervene 2. Nucor argued in its amended motion that as a party to the proceeding it

"has standing to appear as a party in interest before this Court pursuant to 19 U.S.C. § 1516a(d)

(2000), and may intervene as a matter of right pursuant to 28 U.S.C. § 2631(j)(l)(B)." Am. Mot.

to Intervene 3. In support of its assertion, Nucor stated that

> Nucor actively participated in settlement negotiations concerning the subject
> merchandise. These negotiations took place among several of the parties to this
> appeal, and with the knowledge of the Department. The discussions occurred late
> in the proceeding, after the filing of case and rebuttal briefs. Thus, although
> Nucor did not submit any written filings to the Department, Nucor was
> unquestionably a "party to the proceeding" in the eyes of all of the other parties to
> the administrative review.

*Id.* at 2-3.

Defendant filed an opposition to Nucor's motion to amend on August 29, 2007. Def.'s

Resp. to Nucor's Am. Mot. to Intervene ("Resp. to Am. Mot."). Defendant argued that Nucor's

amended motion is either an untimely new intervention motion or an impermissible reply to

defendant's opposition to Nucor's existing motion and, in either event, is in violation of USCIT

Rules. *Id.* at 2. Defendant maintained that because Nucor did not timely seek leave to reply to

defendant's response to the original motion, it should not be permitted to do so in an amended

motion filed months later. *Id.* at 3. Defendant also objected to Nucor's amended motion on the

ground that Nucor did not consult with the defendant prior to filing the motion. *Id.* Finally,

defendant reasserted the objection set forth in its original response, contending that Nucor's

actions in the underlying administrative review did not suffice to qualify Nucor as a party to the

proceeding. *Id.* at 4-6.

## II. DISCUSSION

In 28 U.S.C. § 2631(j) (2000), Congress established a right to intervene in actions commenced under 19 U.S.C. § 1516a. The statute provides that

> [a]ny person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that – . . . (B) in a civil action under [19 U.S.C. § 1516a], only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right."

28 U.S.C. § 2631(j)(1). According to the plain meaning of 28 U.S.C. § 2631(j)(1)(B), the right to intervene established thereunder is the only means by which Nucor may intervene in this case, and that right is an unconditional right. *See id.*; *U.S. Magnesium LLC v. United States*, 31 CIT __, __, Slip. Op. 07-83 at 2 (May 24, 2007) (denying permissive intervention because a party may intervene only as a matter of right in a cause of action under 28 U.S.C. § 1581(c)); *Ontario Forest Indus. Assoc. v. United States*, 30 CIT __, __ n.12, 444 F. Supp. 2d 1309, 1322 n.12 (2006) (" . . . under 28 U.S.C. § 1581(c), intervention may only be sought as a matter of right."); *Geum Poong Corp. v. United States*, 26 CIT 908, 910, 217 F. Supp. 2d 1342, 1344 (2002) ("[u]nder 28 U.S.C. § 2631(j) . . . , permissive intervention is apparently unavailable in unfair trade actions brought under 19 U.S.C. § 1516a."). Therefore, to intervene in this case, Nucor must qualify to intervene as a matter of right under the requirements set forth in 28 U.S.C. § 2631(j)(1)(B) and USCIT Rule 24(a), (c); if Nucor does not so qualify, permissive intervention under 28 U.S.C. § 2631(j)(2) and USCIT Rule 24(b) is unavailable. Although Nucor's original motion to intervene incorrectly sought permissive intervention, Nucor cited 28 U.S.C. § 2631(j) in that motion as well as USCIT Rule 24(b). *See* Mot. to Intervene 2. For these reasons, the

court in its discretion will construe Nucor's original motion as a motion to intervene as a matter of right under 28 U.S.C. § 2631(j)(1)(B) and USCIT Rule 24(a).

Under USCIT Rule 24(a), a party may intervene in an action upon timely application "when a statute of the United States confers an unconditional right to intervene." Nucor's motion to intervene in this case was timely. *See* USCIT R. 24(a) (providing that an application to intervene in an action described under 28 U.S.C. § 1581(c) is timely if it is made no later than thirty days after the date of service of the complaint).

To succeed upon its motion, Nucor must show that it is an "interested party" and "a party to the proceeding in connection with which the matter arose." 28 U.S.C. § 2631(j)(1)(B). Under 19 U.S.C. § 1516a(d), "[a]ny interested party who was a party to the proceeding . . . shall have the right to appear and be heard as a party in interest before the United States Court of International Trade." 19 U.S.C. § 1516a(d). "Interested party" is defined for purposes of § 1516a by 19 U.S.C. § 1677(9), which states that an "interested party" is, *inter alia*, "a manufacturer, producer, or wholesaler in the United States of a domestic like product." 19 U.S.C. §§ 1516a(f)(3), 1677(9)(C). Nucor identified itself as "a domestic manufacturer of certain corrosion-resistant carbon steel flat products." Mot. to Intervene 1. Defendant acknowledged Nucor's interested-party status, stating that "[i]t is undisputed that Nucor, a domestic producer of subject merchandise, is an interested party in this proceeding." Resp. to Mot. 3.

Although there is no dispute that Nucor qualifies as an interested party, its motion to intervene does not state facts upon which the court could conclude that Nucor was "a party to the proceeding in connection with which the matter arose." 28 U.S.C. § 2631(j)(1)(B). Nucor

alleged in its motion to intervene that it "entered an appearance in the Department's proceeding." Mot. to Intervene 1. The entry of appearance to which Nucor referred in its motion is a letter ("Entry of Appearance Letter") that Nucor's counsel had filed with Commerce during the administrative review proceeding. *See Letter from Wiley Rein & Fielding LLP to Dep't of Commerce* (Nov. 15, 2005) (Public Admin. R. Doc. No. 15) (*"Entry of Appearance Letter"*). The letter stated that "[p]ursuant to 19 C.F.R. § 201.11 (2005) and the notice of institution published in the Federal Register, we hereby submit our entry of appearance in the above-referenced investigation on behalf of Nucor Corporation." *Id.* at 1 (internal footnote omitted). The citation to 19 C.F.R. § 201.11 (2005), apparently made in error, is to a regulation of the United States International Trade Commission ("Commission"), not a Commerce regulation; the letter further stated that Nucor's counsel intended "to file briefs with the Commission regarding this investigation and to participate in any hearings that are to be held." *Id.* The letter enclosed an application for access to information released under the administrative protective order entered in the administrative review proceeding ("APO Application"). *Id.* at 2; *Application for Admin. Protective Order in Antidumping or Countervailing Duty Proceeding* (*"APO Application"*). Nucor's actions before Commerce, which were limited to the filing of the Entry of Appearance Letter and the APO Application, do not constitute participation sufficient to qualify Nucor as "a party to the proceeding." *See* Am. Mot. to Intervene 2-3; *Entry of Appearance Letter*; *APO Application.* These procedural steps are in the nature of preparation for participation in a proceeding, not actual participation in the proceeding itself.

The court recently rejected a similar claim of standing made by Nucor on the ground that Nucor did not qualify as "a party to the proceeding." *See Nucor Corp. v. United States*,

31 CIT __, Slip. Op. 07-144 (Sept. 26, 2007). In *Nucor Corp.*, Nucor brought its own judicial

challenge to the Final Results, asserting a claim essentially the same as plaintiffs' claim in this

case that Commerce unlawfully continued and completed the administrative review after the

withdrawal of the requests for the review. *Id.* at 3. The court rejected Nucor's standing

argument and granted the motion of defendant United States to dismiss the action, concluding

that Nucor did not participate in the Department's administrative review proceeding culminating

in the issuance of the Final Results to the extent necessary to qualify as a party to that

proceeding. *See id.* at 5-14, 18.

The issue in *Nucor Corp.* was whether Nucor satisfied the standing requirements for

bringing an action contesting the Final Results, and the issue now before the court is whether

Nucor may intervene as a matter of right in an action contesting the Final Results that was

brought by other interested parties. The extent of Nucor's participation in the administrative

proceeding culminating in the Final Results is determinative as to both issues. Both issues

involve construction of standing provisions that are within the same statutory scheme and that

use the same statutory term, "party to the proceeding." *Compare* 19 U.S.C. § 1516a(a)(2)(A)

(providing that an action may be commenced by "an interested party who is a party to the

proceeding in connection with which the matter arises . . .") *and* 28 U.S.C. 2631(c) (providing

that "[a] civil action . . . may be commenced . . . by any interested party who was a party to the

proceeding in connection with which the matter arose.") *with* 28 U.S.C. § 2631(j)(1)(B)

(providing that "only an interested party who was a party to the proceeding in connection with

which the matter arose may intervene . . ."). Because Congress used the same term in different

provisions within the same statute, the court presumes that Congress did so with the intention

that the term be given the same meaning. "The normal rule of statutory construction assumes that identical words used in different parts of the same act are intended to have the same meaning." *Sorenson v. Sec'y of Treasury*, 475 U.S. 851, 860 (1986) (internal quotation marks and citations omitted). The court finds nothing in the statute or legislative history to indicate that Congress intended the threshold for standing to be lower for intervention than for case initiation. For reasons closely analogous to those discussed in *Nucor Corp.*, the court concludes that Nucor did not participate in the administrative review such that the court could consider it to have been a party to the proceeding and that Nucor, therefore, does not qualify for intervention according to 28 U.S.C. § 2631(j)(1)(B).

In *Nucor Corp.*, as in this case, Nucor based its standing claim on its Entry of Appearance Letter, its APO Application, and its having engaged in discussions and settlement negotiations with other parties. *Compar*e 31 CIT at __, Slip. Op. 07-144 at 6, 8-11 *with* Am. Mot. to Intervene 2-3. The court in *Nucor Corp.* rejected Nucor's arguments, concluding that "the actions Nucor alleges it took during the administrative review are insufficient to establish that Nucor was a party to the administrative review proceeding under any reasonable construction of the term 'party to the proceeding' as used in 19 U.S.C. § 1516a(a)(2)(A) and 28 U.S.C. § 2631(c)." 31 CIT at __, Slip. Op. 07-144 at 7-8. Referring to the Entry of Appearance Letter and the APO Application, the court concluded that "[f]iling of each of these documents does not itself constitute meaningful participation in the Department's proceeding; such filings are merely procedural steps that communicate nothing of substance on any matter to be addressed in the administrative review." *Id.* at 8. The court explained that by requiring a person to meet the "party to the proceeding" standard rather than a more lenient standard such as one requiring only

that the person be an "interested party," Congress intended that participation in the administrative review would consist of more than procedural steps taken in contemplation of later participation. *See id.* at 9. Treating such procedural steps as sufficient to confer standing "would so weaken the 'party to the proceeding' requirement as to render it practically meaningless." *Id.* at 10.

Although the term "party to the proceeding" is not defined by statute, the Department's regulations define the term as "any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding." 19 C.F.R. § 351.102(b) (2006). Nucor acknowledged that it did not submit written factual information or argument during the administrative review proceeding but did not argue that the definition in § 351.102(b) is contrary to law. *See* Am. Mot. to Intervene 3. The court, however, does not reach the issue of whether the regulation is overly restrictive because Nucor's limited actions during the administrative review would not suffice under any reasonable construction of the term "party to the proceeding." *See Nucor Corp.*, 31 CIT at __, Slip. Op. 07-144 at 7-8.

In its amended motion to intervene, Nucor alluded to its active participation in settlement negotiations among several of the parties. Am. Mot. to Intervene 2-3. Nucor also argued in support of its amended motion to intervene that "although Nucor did not submit any written filings to the Department, Nucor was unquestionably a 'party to the proceeding' in the eyes of all of the other parties to the administrative review." *Id.* at 3. The court does not view private actions such as participation in consultations and settlement negotiations with other parties as having occurred within the governmental proceeding conducted by Department officials. *See Nucor Corp.*, 31 CIT at __, Slip. Op. 07-144 at 8-9. In *Nucor Corp.*, the court discussed Nucor's assertion that it monitored the status of the administrative review proceeding and participated in

case strategy sessions and settlement negotiations with other parties to the review. *Id.* The court reasoned that "[a]s important as those activities may have been to Nucor at the time, they were distinct from actual participation in the proceeding that Commerce was conducting." *Id.* at 8. The assertion that other parties viewed Nucor as a party to the proceeding is speculative at best. Even were that assertion established, it would fail to demonstrate participation by Nucor before the agency itself.

Nucor also makes an additional legal argument in its amended motion to intervene. Nucor argues that its status to intervene is supported by the holdings in *Laclede Steel Co. v. United States*, No. 96-1029, 1996 U.S. App. LEXIS 16167 at *5 (Fed. Cir. 1996), *aff'g* 19 CIT 1076 (1995), *Encon Industries, Inc. v. United States*, 18 CIT 867, 868 (1994), and *American Grape Growers v. United States*, 9 CIT 103, 105-06, 604 F. Supp. 1245, 1249 (1985). Am. Mot. to Intervene 2. Nucor relied on the same cases for its claim of standing in *Nucor Corp. Compare* 31 CIT at __, Slip. Op. 07-144 at 11 *with* Am. Mot. to Intervene 2. As discussed in the court's opinion in *Nucor Corp.*, the cases cited are inapposite. *See* 31 CIT at __, Slip. Op. 07-144 at 11-14.

The Court of Appeals for the Federal Circuit in *Laclede Steel Co.* considered factual circumstances different from those of Nucor in one key respect; in addition to filing entries of appearance, the parties seeking intervention as a matter of right in *Laclede Steel Co.* had submitted to Commerce factual data on exports. *Laclede Steel Co.*, No. 96-1029, 1996 U.S. App. LEXIS 16167 at *6; *see Nucor Corp.*, 31 CIT at __, Slip. Op. 07-144 at 11-12.

Nucor's citation to *Encon Industries, Inc.* is unavailing because in that case the Court of International Trade never reached the issue of whether the plaintiff qualified as a "party to the

proceeding" and instead decided the case on the basis of exhaustion of administrative remedies. *Encon Indus., Inc.*, 18 CIT at 867-68; *see Nucor Corp.*, 31 CIT at __, Slip. Op. 07-144 at 13. Moreover, the court in *dicta* implied that it might not view as sufficient the mere filing of a notice of appearance, stating that "[t]he court is inclined to view the participation requirement as intending meaningful participation, that is, action which would put Commerce on notice of a party's concerns." *Encon Indus., Inc.*, 18 CIT at 868 (citing *Am. Grape Growers*, 9 CIT at 105-06, 604 F. Supp. at 1249).

Finally, the opinion of the Court of International Trade in *American Grape Growers* is not on point. The Court in *American Grape Growers* considered whether an interested party that was a member of an umbrella organization had participated in an injury investigation of the Commission in its individual capacity; the court concluded that the party satisfied the participation standard because it was listed as a co-petitioner in the brief of another party to the Commission's investigation. *Am. Grape Growers*, 9 CIT at 103, 105-06, 604 F. Supp. at 1247, 1249; *see Nucor Corp.*, 31 CIT at __, Slip. Op. 07-144 at 13-14.

Defendant raised several procedural objections to the court's considering Nucor's amended motion to intervene. *See* Resp. to Am. Mot. 2-3. The court, in its discretion, has considered the statements contained in Nucor's amended motion. The court concludes that the statements contained in the amended motion do not add factual allegations sufficient to allow Nucor to satisfy the standing requirement.

Nucor's participation in the administrative proceeding, which was limited to filings devoid of any substantive content and to discussions with parties that took place outside of the

proceeding conducted before Commerce, is insufficient to qualify Nucor as a party to the

administrative review proceeding.

## **ORDER**

Based on the foregoing, and in consideration of all papers and proceedings herein, it is

hereby

**ORDERED** that Nucor's Motion to Intervene as Plaintiff-Intervenor and as Defendant Intervenor, as filed on May 29, 2007, and Nucor's Amended Motion to Intervene as a Matter of Right, as filed on August 15, 2007, are DENIED.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: October 12, 2007
      New York, New York